HELEN GARCEAU AND ANOTHER v. ALICE F. ENGEL AND ANOTHER.[2]

October 29, 1926.

No. 25,535.

**Findings as to value of goods lost sustained.**
The findings are sustained by the evidence.

Appeal and Error, 4 C. J. p. 884 n. 37.
Landlord and Tenant, 35 C. J. p. 1003 n. 94 New.

[1]Reported in 210 N. W. 624.
[2]Reported in 210 N. W. 608.

Action in the municipal court of Minneapolis to recover value of goods lost through the negligence of defendant. The court, C. L. Smith, J., ordered judgment in favor of plaintiffs against defendant Engel but not against Barclay Corset Company. Defendant Engel appealed from an order denying her motion for a new trial. Affirmed.

*Trafford N. Jayne,* for appellant.

*D. W. George,* for respondents.

TAYLOR, C.

Plaintiffs sued for the value of goods claimed to have been lost through the negligence of defendant Engel. The court found that plaintiffs were entitled to judgment against defendant Engel, but not against defendant Barclay Corset Company. Defendant Engel appealed from an order denying a new trial and will be intended by the term defendant when used hereafter.

Plaintiffs and defendant Engel occupied the same store or shop in the city of Minneapolis. Plaintiffs manufactured suits for children and undergarments for women, and kept their goods in boxes arranged on shelves on one side of the room. Defendant Engel handled corsets and other articles and kept her goods on the other side of the room. The store was closed Saturday evening, August 30, 1924, and Monday being Labor Day it remained closed until Tuesday morning September 2. On Monday morning, however, defendant Engel, who had an exhibit at the State Fair, went to the store, got some of her goods which she wished to exhibit and took them to the fair grounds. On leaving the fair grounds in the evening, she missed her keys and drove to the store to see if she had left them in the door. She found them in the door. She went inside, turned on the lights and made an examination which satisfied her that nothing had been disturbed or taken. Plaintiffs arrived at the store the next morning before defendant and missed a quantity of their goods. They informed defendant by telephone that goods had been stolen from the store. She immediately came to the store and told them of leaving the key in the door the day before, but that

she had looked the place over, found her goods exactly as she had left them and found nothing to indicate that anyone had been in the room or that any of plaintiffs' goods had been disturbed.

1.   Defendant contends that the evidence does not warrant a finding that the plaintiffs had lost goods of the value found by the court.   The most that can be said is that the evidence is conflicting in respect to the loss and the value of the goods claimed to have been lost.   Defendant's contention is really to the effect that this court should weigh the evidence pro and con and determine those questions anew.   To weigh conflicting evidence and determine the facts therefrom is not the province of this court.   If the findings of the trier of facts are such as could reasonably be reached from the evidence considered as a whole, this court accepts them as true. Dun. Dig. § 411.

2.   Defendant further contends that if the loss be conceded, it is purely a matter of conjecture whether the goods were taken while her keys were in the door and by the use thereof or at some other time.   The keys were in the door from 9 o'clock Monday morning until nearly 10 o'clock Monday night.   The testimony is uncontradicted that all the doors and windows were left securely fastened Saturday night and were found locked and fastened in the same manner Tuesday morning.   We think that the court could legitimately infer as a fact that the thieves obtained entrance by means of the key left in the door.

Order affirmed.